UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502; CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND; CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L-C.I.O. SAVINGS FUND; CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST; CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND; and CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5,<br><br>Plaintiffs,<br><br>vs.<br><br>PARKWAY FORMING, INC., an Illinois Corporation,<br><br>Defendant. | CASE NO.: 19-CV-1571<br><br>JUDGE:<br><br>MAG. JUDGE: |

## COMPLAINT

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND, the CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND, and the

CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, complaining of Defendant PARKWAY FORMING, INC., and in support, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST and the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND (collectively "TRUST FUNDS") are administered at 739 25th Ave., Bellwood, Illinois 60104 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreement ("CBA") entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("UNION") and the Mid-America Regional Bargaining Association, and therefore are multiemployer plans under 29 U.S.C. §§ 1002(37) and 1302(a)(3).

4. The CEMENT MASONS' LOCAL UNIONS 502, 803 AND 11 AREAS 161, 362 AND 638 LABOR MANAGEMENT COOPERATION TRUST FUND ("LMCC") is a labor management cooperation committee that is administered in Bellwood, Illinois.

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the TRUST FUNDS and the LMCC are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The UNION is the bargaining representative of the Defendant PARKWAY FORMING, INC.'s bargaining-unit employees.

7. The Defendant PARKWAY FORMING, INC. ("PARKWAY FORMING") is an Illinois corporation with its principal place of business in Elgin, Illinois.

## COUNT I
## BREACH OF CONTRACT

8. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. PARKWAY FORMING is an employer engaged in an industry affecting commerce, which agreed to be bound by the terms of the CBA through a Memorandum of Agreement. (A copy of the Memorandum of Agreement is attached as **Exhibit 1**); (A copy of the CBA is attached as **Exhibit 2**).

10. Through the CBA and Memorandum of Agreement, PARKWAY FORMING agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

11. Pursuant to the provisions of the CBA and Trust Agreements, Defendant PARKWAY FORMING is required to make monthly reports of the number of hours of weeks worked by its bargaining-unit employees and pay contributions to the TRUST FUNDS for each week that a bargaining-unit employee performs any work at the negotiated rate set forth in the CBA.

The monthly reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

12. Pursuant to the CBA, PARKWAY FORMING is required to deduct $5.00 from its bargaining-unit employees' wages for each hour worked and remit it to the CEMENT MASONS' ROCK ASPHALT AND COMPOSITION FLOOR FINISHERS LOCAL UNION NO. 502 A.F.L.-C.I.O. SAVINGS FUND. (**Exhibit 2**).

13. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly reports and contributions to the TRUST FUNDS and LMCC on a timely basis are responsible for the payment of liquidated damages equal to 15% of the amount unpaid, plus interest at either a rate of 10% per annum or the highest legally acceptable interest rate, any reasonable attorneys' fees and costs of maintaining suit, as well as any auditor fees incurred.

14. Pursuant to the CBA and properly executed check-off cards, PARKWAY FORMING is required to deduct 4% from its bargaining-unit employees' wages for each hour worked and remit it to the UNION. (**Exhibit 2**).

15. The CBA and Trust Agreements authorize the TRUST FUNDS, the LMCC and UNION to conduct payroll compliance audits of contributing employers to ensure that the employer is complying with its contractual obligations. In the event that a payroll compliance reveals a contribution deficiency, the employer shall be liable for the costs of the audit. (**Exhibit 2**).

16. Pursuant to the CBA and Trust Agreements, the TRUST FUNDS, the LMCC and UNION's payroll compliance auditor conducted an audit PARKWAY FORMING's books and records for the period of July 1, 2014 through June 30, 2017.

17. The audit revealed that for the period of July 1, 2014 through June 30, 2017, PARKWAY FORMING failed to pay the TRUST FUNDS, the LMCC and UNION the aggregate amount of $9,733.83, which is itemized as follows:

| Type of Payment | Amount Owed: |
|---|---:|
| Contributions and Wage Deductions | $6,590.08 |
| Liquidated Damages | $988.50 |
| Audit Costs | $2,155.25 |
| **Total:** | **$9,733.83** |

18. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from PARKWAY FORMING.

19. Plaintiffs have complied with all conditions precedent in bringing this suit.

20. Defendant PARKWAY FORMING is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

WHEREFORE, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against Defendant PARKWAY FORMING in the amount of $9,733.83 for contributions, wage deductions, liquidated damages, and audit costs owed to the Plaintiffs as revealed by the payroll compliance audit;

B. Judgment be entered in favor of Plaintiffs and against Defendant PARKWAY FORMING for any and all other contributions, wage assessments, and liquidated damages found to be due and owing in addition to those referenced in Paragraph A above;

C. Defendant PARKWAY FORMING be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

D. Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant PARKWAY FORMING's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS'
UNION LOCAL UNION NO. 502** *et al.*

/s/ Lucas J. Habeeb
*One of Plaintiffs' Attorneys*
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5472
habeeb@johnsonkrol.com